CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 10, 2026

LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Mohammed Azimi, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25-cv-00020 |
| | ) | |
| Stephanie Michelle Bunch *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mohammed Azimi brings this First Amendment action against two attorneys from the Albemarle County Commonwealth's Attorney's Office ("the Attorneys") and Stephanie Bunch, the clerk of the Albermarle-Charlottesville Juvenile & Domestic Relations ("JDR") Court. Azimi, frustrated by what he views as inadequate responses to his document requests under the Virginia Freedom of Information Act ("VFOIA") statute, asks this court to compel the state employee Defendants to produce documents showing which judge or judges presided over the Albemarle JDR court on a certain week in April 2024.

This matter is before the court on Defendants' motions to dismiss Azimi's amended complaint for lack of subject matter jurisdiction and failure to state a claim. (Dkts. 31, 33, 34.) For the following reasons, the court will grant Defendants' motions to dismiss for lack of subject matter jurisdiction and deny the motion for failure to state a claim as moot.

## I.    Background

Azimi brought this action in April 2025, alleging various federal and state claims against the Attorneys, the Albemarle County Commonwealth's Attorney's Office, and Bunch.  (Dkt. 1.)  The court granted Defendants' motions to dismiss the complaint and allowed Azimi to file an amended complaint, with instructions not to reallege any claims that the court dismissed for lack of subject matter jurisdiction.  (*See* Dkt. 27 at 1–2.)

Azimi filed an amended complaint on November 10, 2025.  (Am. Compl. (Dkt. 28).) The amended complaint narrows Azimi's claims to one First Amendment claim against the Attorneys and Bunch.  (*Id.*)  Azimi alleges that in April 2024, while he and his ex-wife were engaged in a child custody dispute, there was confusion about whether the Albemarle JDR court or a New York court had proper jurisdiction over the custody dispute under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").  (*Id.* ¶ 8.)  According to Azimi, Bunch "knowingly misled" the New York court by "falsely claiming" that an Albemarle JDR judge may not be available for a custody hearing on April 15, which led the New York court to "temporarily assume jurisdiction" over the custody matter.  (*Id.* ¶¶ 8, 11.)  Since Azimi wanted the case to be heard in Virginia, this alarmed him.  (*Id.* ¶ 8.)  After this incident, Azimi submitted multiple requests under the VFOIA statute to Defendants for documents "that would shed light on the [JDR court's] judicial staffing during the week in question," April 8– 12, 2024.  (*Id.* ¶ 9.)  "Despite [Azimi's] FOIA requests," Defendants "did not provide the information or documents requested."  (*Id.* ¶ 10.)

In response, Azimi filed a petition for writ of mandamus and injunctive relief in the Albemarle County Circuit Court, "seeking to compel FOIA compliance from multiple public bodies," including the Albemarle JDR court and the Sherrif's Office.[1]  (*Id.* ¶ 11.)  The circuit court dismissed the petition with prejudice, finding that both entities had "provided all the non-exempt, existing documents pursuant to Azimi's multiple FOIA requests."  (*Id.*)  Azimi claims that later in 2024 he "received inconsistent and incomplete responses from public officials," including Bunch, about which judges presided during the week in April.  (*Id.*)  Despite all of this, Azimi alleges, "the identity of the presiding judicial officer for [April 8–12] remains undisclosed."  (*Id.*)

On November 24, 2025, Defendants moved to dismiss Azimi's amended complaint for lack of subject matter jurisdiction and for failure to state a claim.  (Dkts. 31, 33, 34.)  Azimi responded with an informal letter on February 17, 2026, (Dkt. 37), and with a formal response brief on March 13, (Dkt. 40).

## II.     Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over a complaint.  *See* Fed. R. Civ. P. 12(b)(1).  A defendant may bring either a facial or factual challenge to subject matter jurisdiction.  *See Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017).  A facial challenge, which Defendants raise in this case, "contend[s] that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (internal quotation marks omitted).

---

[1] Azimi alleges that despite filing VFOIA requests with the Albemarle County Commonwealth Attorneys' Office, (Am. Compl. ¶ 10), he did not name the office in his mandamus petition, (*id.* ¶ 11).

"[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

The court liberally construes pleadings filed by a *pro se* party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At the same time, liberal construction "does not transform the court into an advocate" for *pro se* litigants. *Weller v. Dep't of Soc. Servs. for City of Balt.*, 901 F.2d 387, 391 (4th Cir. 1990). *Pro se* parties, like all litigants, must comply with the pleading requirements in the Federal Rules of Civil Procedure. *See Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

### III.    Analysis

Defendants raise multiple jurisdictional challenges to Azimi's First Amendment claim. All Defendants argue that Azimi's claim should be barred by the *Rooker-Feldman* doctrine because it asks the court to compel the production of documents in contravention of prior state court rulings. (*See* Attorney's Br. at 5–7 (Dkt. 32); Bunch Br. at 5–6 (Dkt. 35).) The court agrees.

The *Rooker-Feldman* doctrine prohibits federal district courts from conducting appellate review of a state-court decision. *See T.M. v. Univ. of Md. Med. Sys. Corp.*, 139 F.4th 344, 348 (4th Cir. 2025); *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006). It holds that district courts may not exercise subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *T.M.*, 139 F.4th at 349 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284

- 4 -

(2005)).  The key question is whether the plaintiff "seeks redress for an injury caused by the state-court decision itself."  *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006).

Azimi's central claim is that Defendants failed to produce certain documents to him despite his requests under the Virginia FOIA statute, therefore violating his First Amendment rights to access those documents.  (*See* Am. Compl. ¶ 16 ("Defendants have refused to disclose or make available any public record identifying the judge who presided (or was scheduled to preside) in the Albemarle-Charlottesville J&DR Court during the week of April 8-12, 2024.").)  While Azimi styles his claim as one under the First Amendment, he is in essence asking this court for the same mandamus relief that was rejected by the Albemarle County Circuit Court.[2]  In other words, he is seeking redress for the exact injury—a lack of access to certain court records and documents—he maintains was caused by the ruling of the Albemarle County Circuit Court.  Azimi "may not escape the jurisdictional bar of *Rooker-Feldman* by merely refashioning its attack on the state court judgment[] as a § 1983 claim."  *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997).

The court lacks jurisdiction to grant the relief Azimi seeks: to compel the state official Defendants to produce documents.  *See Wood v. Yancey*, No. 1:23-cv-00462, 2025 WL 2493327, at *2 (E.D. Va. Aug. 27, 2025) ("The federal courts have no general power to compel action by state officials." (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988))); *In re Sangster*, 654

---

[2] Azimi argues that since he did not name the Commonwealth Attorney's Office ("CAO") in his mandamus petition, he "remains entitled to seek federal prospective injunctive relief under the First Amendment to compel disclosure of the requested judicial-assignment records."  (Am. Compl. ¶ 11.)  But Azimi alleges that he filed VFOIA requests with the CAO, and that it "failed to produce the requested records or otherwise meaningfully respond to [his] inquires."  *Id.* ¶ 10.)  Should Azimi seek to appeal the CAO's response to his Virginia FOIA requests, he must do so in state court.

F. App'x 620, 620 (4th Cir. 2016) (unpublished per curiam decision) (same). The Virginia FOIA statute provides for its enforcement through the state's general district and circuit courts, rather than through federal courts. *See* Va. Code Ann. § 2.2-3713. Thus, an action seeking to compel document production from state officials must be filed in the state court, rather than this court. *See, e.g.*, *Barickman v. Bumgardner*, No. 1:07-cv-00134, 2008 WL 2872712, at *3 (N.D. W. Va. July 22, 2008) (dismissing a claim challenging a state FOIA decision in federal court).

## IV.    Conclusion and Order

In light of Azimi's status as a *pro se* litigant, the court does not strike his informal response to Defendants' motion to dismiss, (Dkt. 37), and **GRANTS** Azimi's motion to file his opposition brief out of time, (Dkt. 39). The court has considered Azimi's informal response, (Dkt. 37), as well as his response brief, (Dkt. 40), in analyzing Defendants' motions to dismiss.

For the above reasons, the court hereby **GRANTS** Defendants' motions to dismiss for lack of subject matter jurisdiction. (Dkts. 31, 33.) Azimi's complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction**.** Bunch's motion to dismiss for failure to state a claim, (Dkt. 34) is **DENIED as moot**.

The Clerk is directed to send a copy of this Memorandum and Opinion to Azimi and all counsel of record and to close the case.

**IT IS SO ORDERED.**

**ENTERED** this __10th__day of August, 2026.

_____

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE